Amir J. Goldstein, Esq. (SBN 255620)
ajg@consumercounselgroup.com
The Law Offices of Amir J. Goldstein, Esq.
8032 West Third Street, Suite 201
Los Angeles, CA 90048
Tel 323.937.0400
Fax 866.288.9194

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YVONNE SMITH, individually and on behalf of all others similarly situated, | CASE NO.: 5:18-CV-00538 |
| Plaintiffs, | |
| v. | |
| S.B.S. TRUST DEED NETWORK dba S.B.S. LIEN SERVICES, PARKVIEW VILLAGE PROPERTY OWNERS MAINTENANCE ASSOCIATION aka PARKVIEW VILLAGE PROPERTY, WELDON L. BROWN CO., INC. and DOES 1 through 10 inclusive, | CLASS ACTION COMPLAINT FOR DAMAGES |
| Defendants. | |

Plaintiff, by and through her attorney, Amir J. Goldstein, Esq., as and for her complaint against the Defendants, S.B.S. TRUST DEED NETWORK dba S.B.S. LIEN SERVICES, PARKVIEW VILLAGE PROPERTY OWNERS MAINTENANCE ASSOCIATION aka PARKVIEW VILLAGE PROPERTY, WELDON L. BROWN CO., INC., alleges as follows:

# INTRODUCTION

1. This is an action for damages brought by an individual consumer and on behalf of a class for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, *et seq*. ("Rosenthal Act") which prohibits debt collectors and creditors from engaging in abusive, deceptive and unfair practices. Plaintiff also alleges violations of the Davis-Stirling Act, California Civil Code §4000 et seq. and California Business and Professions Code §17200, et seq.

# PARTIES

2. Plaintiff is a senior citizen and natural person residing in San Bernardino County, California.

3. Upon information and belief, Defendant S.B.S. TRUST DEED NETWORK dba S.B.S. LIEN SERVICES is a "debt collector" as defined pursuant to 15 U.S.C. § 1692a(6) with its principal place of business in Westlake Village, California.

4. Upon information and belief, Defendant Parkview Village Property is an "association" as defined pursuant to Cal. Civil Code §4080 and is a "creditor" as defined pursuant to Cal. Civil Code §1788.2.

5. Upon information and belief, the Defendant Weldon L. Brown Co., Inc. is a "debt collector" as defined pursuant to 15 U.S.C. § 1692a(6) and Cal. Civil Code §1788.2 and is a "creditor" as defined pursuant to Cal. Civil Code §1788.2 and with its principal place of business in Riverside, California.

# JURISDICTION

6. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA) and 28 U.S.C. §1331. Venue is proper in this district pursuant to 28 U.S.C. § 1391(c), as the Defendant corporations reside and/or regularly conduct business in this district.

# FACTUAL ALLEGATIONS

7. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

8. That a personal debt was allegedly incurred by Plaintiff to Defendant Parkview Village Property (hereinafter referred to as "Defendant Parkview HOA").

9. That Defendant Parkview HOA utilized Defendant Weldon L. Brown Co., Inc. as its management company and agent in handling Plaintiff's HOA account.

10. That at a time unknown to Plaintiff herein, the aforementioned debt was referred and/or assigned to S.B.S. Trust Deed Network dba S.B.S. Lien Services, (hereinafter referred to as "Defendant S.B.S.") for collection.

*Count One*

11. That upon information and belief, Defendant S.B.S. mailed Plaintiff an initial dunning notice dated February 5, 2018, in an attempt to collect the aforementioned debt (hereinafter referred to as the "2/5/18 dunning notice.").

12. That the 2/5/18 dunning notice is entitled in bold, all caps and underlined print: "**DECISION TO FORECLOSE**" (emphasis in the original).

13. That the 2/5/18 dunning notice advises the Plaintiff, in pertinent part, that a lien had been **"recorded against [Plaintiff's] property"** and that **"The Association Board of Directors by majority vote, *made* the decision to foreclose on the property…"** (emphasis added)

14. That the 2/5/18 dunning notice also advises Plaintiff, in pertinent part, that she **"*will* be responsible to pay the additional foreclosure fees and costs, which could total approximately $1500 in additional charges."** (emphasis added)

15. That attached to the 2/5/18 dunning notice is a "validation notice" in an effort to appear in compliance with federal requirements to provide proper validation rights to the consumer.

16. That said notice uses false, deceptive, misleading and overshadowing language, confusing the Plaintiff as to her consumer rights.
17. That upon information and belief, Defendants unlawfully threatened foreclosure when the right to foreclose did not exist.
18. That said notice uses deceptive and misleading language to suggest imminent legal action which cannot legally be taken or is not actually intended to be taken, and is actually designed to coerce payment under duress.

*Count Two*

19. That the 2/5/18 dunning notice went on to state the following: **"Both this office and your Association urge you to contact S.B.S. LIEN SERVICES in order to arrange for *immediate* payment."** (emphasis added)
20. That the 2/5/18 dunning notice contained the following threat in pertinent part: **"Failure to remit full payment to this office *as soon as possible*…may result in the potential sale of your property at auction." (emphasis added)**
21. That said statements are comprised of deceptive, misleading and overshadowing language, confusing the Plaintiff as to her consumer rights.

*Count Three*

22. That attached to the 2/5/18 dunning notice was a separate document entitled, **"DEBT VALIDATION NOTICE"** which purports to satisfy the legal requirement of debt collectors pursuant to 15 U.S.C. §1692g.
23. That said "validation notice" contained the following language:

    **"You may send S.B.S. Lien Services a written request for the name and address of the original creditor, if different from the current creditor, and we will obtain and mail the information within thirty (30) days after we receive your written request."**

24. That said "validation notice" went on to advise the Plaintiff the following:

> **"You may dispute the validity of this debt, or any portion thereof *in writing* by contacting S.B.S. Lien Services within thirty (30) days after receiving this notice."** (emphasis added)

25. That the final paragraph of said "validation notice" contains the following language:

> **"If you do dispute the validity of this debt or any part thereof, by notifying S.B.S. Lien Services in writing, within the thirty (30) day period, S.B.S. Lien Services will as required by law obtain and mail to you written verification of the debt. Otherwise, S.B.S. Lien Services will assume that the debt is valid."**

26. That Defendant S.B.S.'s purported "validation notice" fails to comply with applicable federal statutes, misstates the law, and contains misleading, deceptive and overshadowing language as to a consumer's rights to dispute a debt.

*Count Four*

27. That attached to the 2/5/18 dunning notice and **"DEBT VALIDATION NOTICE"** was another document entitled:

> **"IMPORTANT NOTICE**
> **NOTICE OF DEFAULT AND ELECTION TO SELL UNDER**
> **Notice of Delinquent Assessment and Claim of Lien"**
> (emphasis in the original)

28. That according to the aforementioned copy of the "Notice of Default," the original was **"filed for record on 2/2/2018 in the office of the recorder of San Bernardino county, California…"** (sic)

29. That the "Notice of Default" also advised Plaintiff, in pertinent part, that a **"certain Assessment Lien"** was **"recorded on 1/3/2017…"**

30. That according to said notice:

   **"That a breach of, and default in, the obligations for which said Covenants, Conditions and Restrictions as security has occurred in that the payment(s) have not been made of: HOMEOWNER'S ASSESSMENTS DUE FROM 4/1/2016 AND ALL SUBSEQUENT HOMEOWNER'S ASSESSMENT, MONTHLY OR OTHERWISE, LESS CREDITS AND OFFSETS, PLUS LATE CHARGES, INTEREST, ASSOCIATION'S FEES AND COSTS, TRUSTEE'S FEES AND COSTS, AND ATTORNEY'S FEES AND COSTS."** (emphasis in the original)

31. That upon information and belief, Defendants failed to provide Plaintiff with a detailed accounting of how the amounts on her account had accrued before the alleged "Assessment Lien" was created and recorded.

32. That upon information and belief, Defendants failed to provide adequate notice and unlawfully recorded an improper lien against Plaintiff's property in an attempt to collect a debt.

33. That said notices uses false, deceptive, misleading and overshadowing language, confusing the Plaintiff as to her consumer rights.

34. That Defendants' use of certain deceptive language contains false statements and threats of action that cannot legally be taken or that are not actually intended to be taken and are designed to coerce payment under duress.

*Count Five*

35. That immediately after receiving the above-referenced notices from Defendant S.B.S., Plaintiff mailed Defendant S.B.S. and Defendant Weldon L. Brown Co., Inc. letters disputing the alleged charges and requesting validation of the debt as well as a breakdown of the alleged charges in accordance with her statutory consumer rights.

36. That notwithstanding Plaintiff's lawful dispute letters, Defendants continued their collection attempts against Plaintiff.

37. That the Defendants failed to remove the lien on Plaintiff's property in violation of the law.
38. That the Defendants failed to record a lien release as required by law.
39. That Defendants' agents misinformed the Plaintiff as to her rights as they pertain to the lien.

*Count Six*

40. That shortly after mailing out her dispute letters, Plaintiff phoned Defendant S.B.S. and spoke with one of its agents in order to request documentation on her account, including but not limited to copies of the alleged lien notices, proof of mailings, etc.
41. That Defendant S.B.S's agent made conflicting and confusing misrepresentations regarding the status of Plaintiff's account, including but not limited to the following: (1) that Defendant S.B.S. made certain remarks regarding its legal obligations with regard to providing notice; (2) that the agent could not send anything to Plaintiff while her account was in dispute; (3) that initially, Defendant S.B.S. purported to not have any copies to send to Plaintiff, but then subsequently advised Plaintiff (in the same conversation) that said documents would be withheld from her until they receive a response from the Defendant Parkview HOA regarding Plaintiff's dispute; and (4) that Defendant S.B.S. promised to send the Plaintiff all documents including prior lien notices with its response to her dispute, but did not do so.
42. That Defendant S.B.S. provided Plaintiff with legal advice and made misleading and deceptive representations, including but not limited to various statements regarding the status of the lien on Plaintiff's property, the process by which it allegedly recorded various notice(s) and Plaintiff's rights to dispute said lien.
43. That Defendant S.B.S.'s misrepresentations and communications constitute unlawful collection activity as well as the unauthorized practice of law.

*Count Seven*

44. That Plaintiff contacted Defendant Weldon L. Brown Co., Inc. to schedule a meeting with Defendant Parkview HOA and requested documentation on her account, including but not limited to copies of the HOA ledgers, alleged lien notices, proof of mailings, etc.

45. That Defendant Weldon L. Brown Co., Inc. refused to provide the Plaintiff with the documents she requested and advised her that she needed to request said documentation from Defendant S.B.S.

46. That Defendant Weldon L. Brown Co., Inc. failed to schedule a timely meeting between Defendant Parkview HOA and the Plaintiff as required by law.

47. That Defendant Weldon L. Brown Co., Inc. made misleading and deceptive representations as well as gave the Plaintiff inaccurate legal advice regarding her consumer rights.

48. That Defendant Weldon L. Brown Co., Inc.'s conduct constitutes violations of state and federal collection statutes as well as the unauthorized practice of law.

*Count Eight*

49. That Defendant S.B.S. provided Plaintiff with a **"Status Report as of 3/6/2018"** which stated that the **"Total required to reinstate as of 3/6/2018"** was **$6,017.19.**

50. That upon information and belief, the "Status Report as of 3/6/2018" included various charges and discrepancies that did not accurately reflect the balance and payments made on Plaintiff's account.

51. That according to the "Status Report of 3/6/18" Defendant S.B.S. included a section labeled **"Trustee's Fees, Costs and Expenses"** which created the impression of an imminent foreclosure on Plaintiff's property.

52. That Defendant S.B.S.'s representations regarding Plaintiff's file, its purported role as "trustee" and its continued collection activity were deceptive, confusing and misleading.

53. That Defendant Parkview HOA and Defendant Weldon L. Brown Co., Inc. acted as debt collectors in their attempts to collect their own collection fees in addition to various delinquent fees from Plaintiff.

54. That upon information and belief, Defendants, in their attempts to collect a debt, acted jointly and in cahoots as debt collectors, engaged in a pattern and practice of unlawfully charging Plaintiff arbitrary, excessive and bogus fees and misallocating Plaintiff's payments so as to prevent her account from becoming current, made false threats of imminent foreclosure and generated documents that contained conflicting information or previously omitted information in order to confuse, abuse, mislead and deceive Plaintiff.

55. That upon information and belief, the dates associated with various charges on Plaintiff's account are arbitrarily and unlawfully changed by Defendants without any explanation in order to further confuse and mislead Plaintiff as to the status of her account.

56. That upon information and belief, Defendants arbitrarily charge duplicative and other improper fees in order to further inflate Plaintiff's account balance as well as confuse and mislead Plaintiff as to the status of her account.

57. That upon information and belief, Defendants failed to apply Plaintiff's payments in a lawful, orderly and timely fashion, thus causing Plaintiff to incur additional fees which Plaintiff would not have been responsible for otherwise.

58. That upon information and belief, Defendants charged Plaintiff additional fees and miscellaneous costs in order to keep Plaintiff's account from becoming current and prevent Plaintiff from curing the alleged lien on her property.

59. That among said fees and costs, Defendants charged Plaintiff additional amounts which, upon information and belief, are impermissible and exceed the amount that Defendants may legally collect in late charges.

60. That upon information and belief, Defendants misallocated and misapplied Plaintiff's payments to her balance in such a way as to allow various charges to unlawfully accrue and further confuse Plaintiff as to the status of her account.

61. That upon information and belief, Defendants added miscellaneous fees to Plaintiff's account after the fact in order to prevent Plaintiff's account from becoming current, to unlawfully inflate the balance owed on Plaintiff's account and to keep the lien on Plaintiff's property.

62. That upon information and belief, Defendants engage in a practice of omitting certain charges from Plaintiff's statements and later adding said charges onto subsequent status reports serves to further confuse, deceive and mislead Plaintiff as to the status of her account.

63. That Defendants continued to charge Plaintiff various fees which are arbitrarily inflated, unconscionable and constitute unfair charges.

**AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF**

64. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

65. That in its attempts to collect a debt, Defendants used false, deceptive, misleading and overshadowing language, confusing the Plaintiff as to her consumer rights.

66. That Defendants' use of deceptive language contains false statements and threats of action that cannot legally be taken or that are not actually intended to be taken and are designed to coerce payment under duress.

67. That upon information and belief, Defendants have attempted to collect on amounts that are not authorized by agreement or permitted by law.

68. That Defendants, in an attempt to collect a debt, engage in a pattern or practice of communicating with consumers where the representations made by the Defendants are confusing, misleading, deceptive and/or unfair.

69. That as a result of Defendants' conduct, Plaintiff has suffered damages which include, but are not limited to, statutory damages, actual damages, other resulting monetary losses and damages, unnecessary stress, aggravation and anxiety.

70. That Defendants' conduct violates 15 U.S.C. 1692 et seq., including but not limited to subsections (d), (e), (f), and (g) in that the representations made by the Defendants are confusing, misleading, deceptive, harassing, unfair and fail to advise the consumer of her legal rights as required by law.

    a. Defendants have violated 1692d by harassing the Plaintiff and engaging in oppressive and abusive conduct;
    b. Defendants have violated 1692e by using false representations and employing deceptive and misleading means in an attempt to collect a debt;
    c. Defendants have violated 1692f by using unfair and unconscionable means to collect or attempt to collect a debt; and
    d. Defendants have violated 1692g by using misleading and overshadowing language in an attempt to collect the alleged debt, by contradicting Plaintiff's rights, and by failing to clearly and effectively convey Plaintiff's consumer rights.

71. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violations, the Defendants are liable to the Plaintiff for actual damages and statutory damages in an amount to be determined at the time of trial but not less that $1,000.00 per violation, plus costs and attorney's fees.

**AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF**

72. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

73. The Rosenthal Fair Debt Collection Practices Act (Rosenthal Act), California Civil Code § 1788, et seq., prohibits unfair and deceptive acts and practices in the collection of consumer debts.

74. That upon information and belief, Defendants have attempted to collect on amounts that are falsely inflated, not authorized by agreement and/or not permitted by law.

75. By their acts and practices as hereinabove described, the Defendants have violated the Rosenthal Act as follows, without limitation:

    a. By making the false representation that the consumer debt may be increased by the addition of attorney's fees, investigation fees, service fees, finance charges, or other charges if, in fact, such fees or charges may not legally be added to the existing obligation, Defendants have violated §1788.13(e);

    b. By making the false representation that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made, Defendants have violated §1788.13(j);

    c. By failing to include certain debt collection notices and disclosures required by law; and

    d. By the above-referenced violations of the FDCPA, Defendants have violated §1788.17.

76. Pursuant to § 1788.30 of the Rosenthal Act, Plaintiff is entitled to recover her actual damages sustained as a result of the Defendants' violations of the Rosenthal Act. Such damages include, without limitation, statutory damages, actual damages, other resulting monetary losses and damages, and emotional distress suffered by Plaintiff, which damages are in an amount to be proven at trial.

77. In addition, because the Defendants' violations of the Rosenthal Act were committed willingly and knowingly, Plaintiff is entitled to recover, in addition to her actual damages, penalties of at least $1,000 per violation as provided for in the Act.

78. Pursuant to § 1788.30(c) Rosenthal Act, Plaintiff is entitled to recover all attorneys' fees, costs and expenses incurred in the bringing of this action.

Class Action Complaint for Damages

## AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF

79. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

80. The Davis-Stirling Common Interest Development Act (Davis-Stirling Act), California Civil Code § 4000, et seq., regulates a homeowners association's ability to collect on debts owed by its members.

81. That upon information and belief, Defendants have attempted to collect on amounts that are falsely inflated, not authorized by agreement and/or not permitted by law in violation of the Davis-Stirling Act.

82. By their acts and practices as hereinabove described, the Defendants have violated the Davis-Stirling Act as follows, without limitation:

   a. By failing to provide adequate ledgers and documentation, Defendants have violated §5200;

   b. By charging Plaintiff various costs, interest and late fees in excess of the amounts permissible by law, Defendants have violated §§5600 and 5650;

   c. By failing to provide Plaintiff with proper notice regarding assessments and clear assessment billing breakdowns, Defendant have violated §5615;

   d. By causing improper charges to accrue on Plaintiff's account and by recording a lien in an amount not permitted by law, Defendants have violated §5720;

   e. By failing to comply with notice requirements, Defendants have violated §§5660 5675, and 5705;

   f. By failing to comply with dispute resolution procedures, Defendants have violated §5670;

   g. By failing to comply with various lien enforcement requirements, Defendants have violated §5700 et seq.;

   h. By failing to record a notice of lien release, Defendants have violated §5685; and

    i. By imposing bogus and inflated charges on Plaintiff's account in order to unlawfully retain a lien on Plaintiff's property, Defendants have violated §5725.

83. Plaintiff is entitled to recover her damages sustained as a result of the Defendants' violations of the Davis-Stirling Act. Such damages include, without limitation, statutory damages, actual damages, other resulting monetary losses and damages, and emotional distress suffered by Plaintiff as well as attorney's fees and costs, which damages are in an amount to be proven at trial.

**AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF**

84. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.
85. The California Business and Professions Code §17200, et seq., prohibits unfair competition, which includes any unlawful, unfair or fraudulent business act.
86. That Defendants, by engaging in the acts hereinabove described, have committed violations under the FDCPA, the Rosenthal Act and the Davis-Stirling Act; that said acts are therefore per se violations of the California Business and Professions Code Section 17200 et seq.
87. That the harm caused by Defendants' conduct outweighs any benefits that Defendants' conduct may have.
88. That consumers are likely to be deceived, and that Plaintiff was in fact deceived, by Defendants' conduct.
89. That Defendants have been unjustly enriched by committing said acts.
90. That as a result of Defendants' conduct, Plaintiff has been harmed and has suffered damages in the form of monetary losses, extreme embarrassment, humiliation, shame, stress, anxiety, aggravation and sleepless nights.

91. That as a direct and proximate result of Defendants' unlawful, unfair and fraudulent business practices as alleged herein, Plaintiff has suffered injury in fact and lost money and/or property.

92. That pursuant to California Business and Professions Code §17200, et seq., Plaintiff is entitled to recover her actual damages and restitution.

93. That in addition, pursuant to California Civil Code §3345, Plaintiff is entitled to treble fines, penalties, and/or other remedies for Defendants' unfair and deceptive acts and practices.

**AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF**

94. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

95. That Defendants, by engaging the acts hereinabove described, are in breach of their fiduciary duties by committing the following acts, which include but are not limited to the following:

    a. Engaging in a pattern and practice of unlawfully inflating and charging Plaintiff arbitrary, excessive and bogus fees;

    b. Misallocating Plaintiff's payments so as to prevent her account from becoming current;

    c. Making false threats of imminent foreclosure without having the right to foreclose;

    d. Generating documents with either previously omitted or conflicting information so as to confuse, abuse, mislead and deceive the Plaintiff; and

    e. Abdicating the duty to oversee the collection process and confusing the Plaintiff as to which party was responsible for handling Plaintiff's account.

**CLASS ALLEGATIONS**

96. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

97. The first cause of action is brought on behalf of Plaintiff and the members of a class.

98. That one sub-class consists of all persons whom Defendants' records reflect resided in the state of California and: (a) were sent collection letters or status reports (b) bearing the Defendants' letterhead in substantially the same form as the letter(s) or status report(s) sent to the Plaintiff, (c) the correspondence was sent to consumers seeking payment of a consumer debt; (d) that the correspondence, namely the purported "validation notice," contained violations of 15 U.S.C. §§ 1692d, 1692e, 1692f and 1692g.

99. That one sub-class consists of all persons whom Defendants' records reflect resided in the state of California and were charged unlawful fees.

100. That one sub-class consists of all persons whom Defendants' records reflect resided in the state of California and received legal advice from agents engaged in the unauthorized practice of law.

101. The class consists of consumers who received the same form letters and/or status reports, were charged the same types of unlawful fees and/or received the same type of legal advice as did the Plaintiff.

102. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the facts that the collection activity, including Defendants' representations, statements, letters, status reports and arbitrary fees and the allocation thereof are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class

members. The principal question presented by this claim is whether the Defendants violated the FDCPA by failing to follow appropriate procedures.

(C) The only individual issue is the identification of the consumers who received the letters, statements and/or reports, (i.e. the class members), a matter capable of ministerial determination from the records of Defendants.

(D) The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

103. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

104. Collection letters, statements and/or reports, such as those sent by the Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

105. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

    i. Defendants violated 15 U.S.C. §1692d by harassing the Plaintiff and engaging in abusive and oppressive conduct;

        ii. Defendants violated 15 U.S.C. §1692e by using false representations and misleading and deceptive means in an attempt to collect a debt;

        iii. Defendants violated 15 U.S.C. §1692f by using unfair and unconscionable means to collect or attempt to collect a debt;

        iv. Defendants violated §1692g by using misleading and overshadowing language in an attempt to collect the alleged debt and by contradicting Plaintiff's rights.

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

(a) An order certifying the classes defined above, appointing Plaintiff as class representative and appointing her attorney as class counsel;

(b) Statutory damages and actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on behalf of the class on the first cause of action;

(c) Statutory damages and actual damages pursuant to Civil Code §1788.30 *et seq.*, as to the second cause of action;

(d) Statutory damages and actual damages pursuant to Civil Code §4000 *et seq.*, as to the third cause of action;

(e) Damages and restitution pursuant to the California Business and Professions Code § 17200 et seq. on the fourth cause of action;

(f) Treble damages pursuant to California Civil Code § 3345;

(g) Equitable and injunctive relief;

(h) Restitution;

(i) Costs and reasonable attorney's fees provided by statute (including 15 U.S.C. § 1692k, California Civil Code §1788.30, *et seq.* and California Welfare & Institutions Code § 15657.5), common law and/or the Court's inherent power; and

    (j)    For such other and further relief as may be just and proper, including but not limited to a preliminary and permanent order enjoining the Defendants and its agents, employees, affiliates and/or subsidiaries, from collecting or attempting to collect monies not authorized by law from Plaintiff and class members, or from otherwise engaging in the unlawful and unfair acts and practices alleged herein;

Plaintiff requests trial by jury on all issues so triable.

Dated: March 16, 2018                        Respectfully Submitted,

                                                    /S/ Amir J. Goldstein
                                          Amir J. Goldstein
                                          Attorney for Plaintiff
                                          The Law Offices of Amir J. Goldstein
                                          8032 West Third Street, Suite 201
                                          Los Angeles, CA 90048
                                          Tel 323.937.0400
                                          Fax 866.288.9194